**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-CV-00066-MSK-MEH

THE UNITED STATES OF AMERICA for the use and benefit of FISHER SAND AND GRAVEL CO. d/b/a ARIZONA DRILLING and BLASTING, a North Dakota corporation,

and

FISHER SAND AND GRAVEL CO. d/b/a ARIZONA DRILLING and BLASTING, a North Dakota corporation,

    Plaintiffs,

v.

KIRKLAND CONSTRUCTION, LLLP, a Colorado company,

and

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation

    Defendants.

---

**CONFIDENTIALITY AND PROTECTIVE ORDER**

---

    THIS MATTER, having come before the Court upon the parties' Joint Motion for Entry of Confidentiality and Protective Order and the Court being fully advised, HEREBY ORDERS that to preserve and maintain the confidentiality of documents and information produced in this lawsuit, the parties' Confidentiality and Protective Agreement below is hereby entered as an Order of the Court.

    Fisher Sand and Gravel Co. d/b/a Arizona Drilling and Blasting ("Arizona Drilling"), Kirkland Construction, LLLP ("Kirkland"), and Travelers Casualty and Surety

Company of America ("Travelers") (collectively, the "Parties," and each individually, the "Party") hereby agree to the following Confidentiality and Protective Order.

### A. Scope

This Order includes in its scope any documents, electronically stored information, or other information that has been or will be produced or disclosed in the Lawsuit whether pursuant to formal or informal discovery requests and/or subpoenas, in correspondence, or through testimony, as well as any documents, electronically stored information, or other information that has been or will be produced or disclosed by non-parties to this Lawsuit pursuant to subpoena and/or deposition notice ("Discovery Material").

### B. Disclosure of Confidential Information

All Confidential Information (as defined herein) shall not be disclosed to any person except in accordance with the terms hereof.

### C. Confidential Information

Any Party or non-party who produces documents may designate as Confidential Information any Discovery Material that it in good faith believes would reveal trade secrets, confidential, and/or proprietary information ("Confidential Information"). A Party or non-party designating Discovery Material as Confidential Information shall place a stamp indicating the designation on such material at the time such material is disclosed or produced. Parties will have until thirty (30) days after the entry of this Order to designate as Confidential Information Discovery Material that was produced prior to the entry of this Order, which they shall do by sending copies of such previously disclosed

documents to the other Party with a stamp indicating such designation.  Parties may also designate Discovery Material as Confidential Information that is produced by non-parties within twenty-one-(21) days of such production by sending copies of such documents to the other Party with a stamp indicating such designation.

**D.     Disclosure of Discovery Material**

A Party may only disclose Confidential Information to "Qualified Persons." As used herein, "Qualified Persons" means and includes:

1. The Parties' directors, officers, employees, former employees, representatives and agents in connection with (and for the sole purpose of facilitating) the prosecution, defense, or supervision of this Lawsuit;

2. The Parties' outside or in-house auditors in connection with the prosecution, defense, or supervision of this Lawsuit;

3. Regulatory authorities upon formal demand, or to satisfy legal or regulatory requirements, provided that written notice is given to the Party or non-party designating such material as Confidential Information at least five (5) days prior to disclosure to the regulatory authorities, or as soon as practicable if disclosure is required by regulatory authorities if less than five (5) days;

4. Counsel of record for the respective Parties in this action and the employees of said counsel;

5. Experts and consultants (including independent experts) who are employed, retained, or otherwise consulted by counsel or a Party for the

    purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, in this action, provided that the Confidential Information disclosed to such experts and consultants shall be limited to information and material the experts or consultants reasonably need to review in their roles as experts or consultants;

6. Any potential or actual witness (and any counsel for or other representative of any such witness), provided that counsel herein reasonably believes the witness has relevant knowledge about the creation, distribution, or maintenance of the particular Confidential Information to be disclosed, or about the facts contained therein;

7. The authors and identified recipients of such Confidential Information;

8. The Court and Court personnel;

9. Court reporters, typists, videographers, interpreters and/or translators who record, transcribe or translate any testimony in this Lawsuit; and

10. Commercial photocopying or litigation support services firms.

**E.** **Qualified Persons to be Bound**

Before granting access to or disclosure of any Confidential Information to any expert or consultants (described in Paragraph D.5 above) or any potential or actual witness (described in Paragraph D.6 above), the Party disclosing such information shall advise the Qualified Person that the information is Confidential Information and can be used only in the manner authorized by this Order.

**F.     Disclosure to Court**

In the event a Party wishes to use any Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such Confidential Information, used therein shall be filed with restricted access to the Parties and the Court in accordance with United States District Court – District of Colorado Electronic Case Filing Procedures ("ECF") rule 6.1.

**G.     Notice of Unauthorized Disclosure**

If Confidential Information is disclosed to or comes into the possession of any person other than in the manner authorized by this Order, the Party who improperly disclosed the information must immediately inform the producing Party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the improperly disclosed information and prevent disclosure by each unauthorized person who received such information.

**H.     Non-Termination of Order**

The agreements embodied herein, insofar as they restrict the communication, treatment and use of Confidential Information, shall survive the termination of this Lawsuit and continue in full force and effect for the duration of the Lawsuit unless terminated by stipulation executed by Counsel of record for the Parties or by order of any Court of competent jurisdiction.

**I.     Modification Permitted**

Nothing in this Order shall prevent any Party from seeking modification of this Order.

J. **Non-Waiver and Challenge of Designation of Discovery Material as Confidential Information**

Nothing in this Order shall prevent any Party from objecting to discovery that the Party believes to be otherwise improper or from challenging a Party's designation of Discovery Material as Confidential Information.  A Party may object to the designation of Discovery Material as Confidential Information by giving written notice to the Party designating the disputed Discovery Material. The written notice shall identify the Discovery Material to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the Discovery Material as Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Confidentiality and Protective Agreement.  If such a motion is timely filed, the disputed Discovery Material shall be treated as Confidential Information under the terms of this Agreement until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed Discovery Material shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Agreement.  In connection with a motion filed under this provision, the party designating the Discovery Material as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

K.    **Breach of the Confidentiality Agreement**

Breach of this Confidentiality Agreement may result in irreparable injury for which monetary damages are an inadequate remedy and, therefore, the Parties agree to the issuance by the Court of appropriate injunctive or other equitable relief with respect to such breach.

L.    **Counterparts**

This Order may be executed in counterparts, each of which shall constitute one and the same agreement.

**SO AGREED AND STIPULATED**:

| | |
|---|---|
| *s/William J. Garehime* | *s/Jason P. Kane* |
| Troy Rackham, Esq. | Richard P. Ranson, Esq. |
| William Garehime, Esq. | Jason P. Kane, Esq. |
| Fennemore Craig, P.C. | Ranson & Kane, P.C. |
| 1700 Lincoln St., Ste. 2900 | 3475 Briargate Blvd., Suite 201 |
| Denver, CO 80203 | Colorado Springs, CO 80920 |
| Telephone: 303-291-3200 | Phone: 719-593-2121 |
| Fax: 303-291-3201 | Fax: 719-593-1818 |
| trackman@fclaw.com | ranson@ranson-kane.com |
| wgarehim@fclaw.com | jkane@ranson-kane.com |
| | |
| Kevin J. Bonner | *Attorneys for Kirkland Construction, LLLP and Travelers Casualty and Surety Company of America* |
| Fennemore Craig, P.C. | |
| 2394 East Camelback Road, Suite 600 | |
| Phoenix, AZ 85016 | |
| Telephone: 602-916-5000 | |
| Fax: 602-916-5999 | |
| kbonner@fclaw.com | |

*Attorneys for Fisher Sand and Gravel Co.
d/b/a/ Arizona Drilling and Blasting*

Dated at Denver, Colorado, this 10th day of December, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge